FILED
 2007 Mar-28  PM 03:34
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **WILLIAM E. POOLE DESIGN, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CV 05-B-0065-S** |
| ) | |
| **SOUTHERN LIVING, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

This case is presently pending before the court on defendant's Motion to Dismiss or Strike Paragraphs 16-22 of the Amended Complaint. (Doc. 39.)[1] Defendant asks the court to dismiss or to strike paragraphs 16-22 of plaintiff's Amended Complaint "for failure to comply with the Court's Order of May 19, 2006 and failure to comply with Fed. R. Civ. Proc. 15(a)." (*Id*. at 1.) Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendant's Motion to Dismiss or Strike Paragraphs 16-22 of the Amended Complaint, (doc. 39), is due to be denied.

Rule 1 of the Federal Rules of Civil Procedure states that this court shall "construe[] and administer[ ]" the Rules in order "to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Therefore, the court should consider

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

"judicial economy and the most expeditious way to dispose of the merits of the litigation," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981).[2]

The court finds that the most expeditious way to dispose of plaintiff's copyright claims is to dispose of such claims in a single case. The specific infringement claims in paragraphs 16 through 22 allege timely copyright infringement claims of plaintiff's original works previously licensed to defendant. In its January 2005 Amended Complaint, plaintiff alleged a number of claims using the language, "including but not limited to" before listing the allegedly infringed work. The court instructed plaintiff to specifically allege each and every infringement claim. As a result, plaintiff listed some specific infringement claims that it contends were not listed but were included by virtue of the "including but not limited to" language.

The court finds that no good purpose would be served by striking these so-called "new" claims in this case only to have plaintiff refile the claims in a new and separate action.

As the Supreme Court has held:

> It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities. The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits. The Rules themselves provide that

---

[2]Decisions of the former Fifth Circuit Court of Appeals rendered prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

>   they are to be construed to secure the just, speedy, and inexpensive determination of every action.
>
>   . . .
>
>   . . . If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.

*Foman v. Davis* 371 U.S. 178, 181-82 (1962).

The court is of the opinion that starting a new action among the parties would waste limited judicial resources and delay further any decision on the merits. The court is satisfied that plaintiff's Amended Complaint contains a short, plain statement of each and every claim against defendant for infringement of plaintiff's works, and that the claims in plaintiff's Amended Complaint are set forth with sufficient specificity to allow defendant to file its answer.

Therefore, defendant's Motion to Dismiss or Strike Paragraphs 16-22 of the Amended Complaint, (doc. 39), will be denied.[3] An Order denying defendant's Motion to Dismiss or

---

[3] In its Memorandum in Support of its Motion to Dismiss or Strike Paragraphs 16-22, defendant states, "[W]e [sic] ask that the Court not allow the amendments in the June 22, 2006 Complaint and ***also reconsider*** allowing all claims set forth in Paragraph 16, including those that had previously been included in the January 31, 2006 Complaint." (Doc. 40 at 6 [emphasis added].) Defendant did not ask for reconsideration of the court's Order in their Motion. (*See generally* doc. 39.) To the extent such reference in a Memorandum could be construed as a Motion to Reconsider, the court declines to revisit its prior order and finds such request for reconsideration on the present record is without merit. However, defendant may raise its arguments in the inevitable motion for summary judgment.

Strike Paragraphs 16-22 of the Amended Complaint and ordering defendant to file its Answer will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this the 28th day of March, 2007.

_____
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE